

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| BENJAMIN WRIGHT,              § | |
|     Petitioner,              § | |
|   § | |
| vs.              § | CIVIL ACTION NO. 9:14-3734-MGL-BM |
|   § | |
|   § | |
| WARDEN L. THOMAS,              § | |
|     Respondent.              § | |

**ORDER DISMISSING THE PETITION PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 41(B)**

Petitioner filed this as a 28 U.S.C. § 2241 action. He is proceeding pro se.

At the outset of the action, the Magistrate Judge directed Petitioner to keep the Clerk abreast of any address changes and warned him his "case may be dismissed for violating th[e] Order." ECF No. 5-2 (emphasis omitted). Nevertheless, inasmuch as the Post Office returned Petitioner's mail to the Clerk on May 12, 2017, marked "NOT DELIVERABLE AS ADDRESSED[,]" ECF No. 43, it appears Petitioner has failed to follow the Magistrate Judge's Order regarding any change of address.

Then, on June 16, 2017, Respondent filed a motion to dismiss, or in the alternative, to transfer this case (Respondent's motion). ECF No. 46. As per a June 19, 2017, Order of the Magistrate Judge, under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge advised Petitioner (1) he had thirty-one days from the date of the Order to file his response to Respondent's motion, (2) of the summary judgment/dismissal procedure, and (3) the possible consequences if he failed to respond adequately. ECF No. 48. Despite this explanation, Petitioner failed to respond to the motion.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). The Fourth Circuit, in *Davis v. Williams*, recognizing dismissal is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate: "(1) the degree of personal responsibility [by] the [petitioner]; (2) the amount of prejudice to the [respondent] caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion and (4) the effectiveness of sanctions less drastic than dismissal." 588 F.2d 69, 70 (4th Cir. 1978).

The Fourth Circuit subsequently noted "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id*. at 95–96.

Petitioner has had over a month and a half to respond to Respondent's motion, yet he has failed to do so. Because Petitioner is proceeding pro se, he is personally responsible for his failure. Despite being advised of the possible consequences if he neglected adequately to respond, Petitioner elected not to do so. Inasmuch as Petitioner has ignored Court Orders and deadlines, both regarding the filing of a response and notifying the Clerk of any address change, sanctions less drastic than dismissal would be ineffective.

2

Wherefore, based upon the particular circumstances of this case, it is the judgment of the Court the Petition should be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b). This necessarily **RENDERS AS MOOT** Respondent's motion.

To the extent Petitioner moves for a certificate of appealability, such request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 9th day of August, 2017, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.